432 So.2d 956 (1983)
Laverne Atkins Carson wife of/and Ulysses S. CARSON, Individually and on Behalf of their Minor Child Tiffany CARSON
v.
The ORLEANS PARISH SCHOOL BOARD, Mrs. Viola Hall, Individually and on behalf of her minor, son, Sam Hall, and Henry Walker, Individually and on behalf of his minor Son, Erskine Walker, Mrs. McMurray, Palmer and Valero.
No. CA 0459.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1983.
*957 Hess & Washofsky, Keith R. Credo and Leonard A. Washofsky, New Orleans, for plaintiffs-appellees.
Polack, Rosenberg, Rittenberg & Endom, Charles Curtis, New Orleans, for defendants-appellants.
Before REDMANN, C.J., and AUGUSTINE and BYRNES, JJ.
BYRNES, Judge.
This is an appeal from a decision of the Civil District Court, Parish of Orleans, awarding plaintiffs, Lavern Atkins Carson and Ulysses S. Carson, $3,969.55 for damages suffered by their minor daughter, Tiffany Carson.
Plaintiffs' daughter was injured by another student on December 21, 1979 while attending Stuart R. Bradley Elementary School. Plaintiffs filed suit against the Orleans Parish School Board [School Board], Viola Hall and Henry Walker on behalf of their sons, Sam Hall and Erskine Walker, the two students alleged to have caused the injury and three teachers, Mrs. Amanda McMurray, Mrs. Daisy Palmer and Mrs. Valero who were alleged to have been on duty at the time the incident occurred. The court below dismissed Mrs. McMurray and Mrs. Palmer. Plaintiffs were awarded judgment against the remaining defendants (except Mrs. Valero who was never served), in solido in the sum of $3,969.55. This appeal was perfected solely by the School Board; therefore, the judgment is final as to Henry Walker and Viola Hall on behalf of their sons.

FACTS
Tiffany Carson was a third grade student at the time of the accident. At approximately noon, immediately following the lunch recess, she entered the girls' restroom. In the breezeway adjacent to the bathroom, several children were engaged in playing with apples which had apparently been wrongfully removed from the cafeteria. One of the apples fell near Sam Hall who picked it up and instructed Erskine Walker to hold the door of the girls' restroom ajar while he hurled the apple into the bathroom striking Tiffany in the right eye. Since Tiffany saw no teachers when she left the restroom she went to her classroom holding her eye and crying. When her teacher noticed her in this condition she brought Tiffany to the principal's office. Later that afternoon Tiffany's mother took her to the Hotel Dieu Hospital Emergency Room. The doctor's report reveals that Tiffany suffered an intraoccular hemorrhage from which there was no apparent permanent residual injury.
Two issues are presented on appeal. First, appellant contends that there was no negligence on the part of Bradley Elementary School and thus, the School Board cannot be held liable. The second is a quantum question, raised by appellees, who urge that the award for general damages should be increased from $3,000.00 to $10,000.00.

LIABILITY OF THE SCHOOL BOARD
The trial court found that the breezeway area near the bathrooms was inadequately supervised at the time of the accident. The court held that this lack of supervision amounted to "gross negligence" on the part of the School Board and further found that the injury suffered may have been prevented had there been greater supervision of the area. We agree.
Officials at Bradley Elementary School are aware of the propensity of small children to get into mischief, particularly during recess. Therefore, certain teachers are assigned to supervise student activities. Two of the teachers at the school, Amanda McMurray and Daisy Palmer, testified that *958 one teacher is assigned to the area between the breezeway and the lunchroom. It is apparently this person's responsibility to control the lunch line and to supervise the entrance into the school, the breezeway area, and the boys' and girls' restrooms. The record clearly establishes that it was common for boys and girls to play in the breezeway during recess and that girls often stuck their heads out of the restroom to see if the "coast was clear" of any young male pursuers. Testimony reflects that it was the responsibility of the teacher on duty to keep the area around the girls' restroom clear of boys and not to allow the children to run around or play games in the breezeway. Hence, the school was aware of the possibility of injury resulting from the children's games.
It was established at trial that at the time of the accident, the teacher assigned to be on duty, Mrs. Valero, was not at her post and apparently was not aware of the children playing outside the restrooms or the resulting accident. The record reflects that it was often very difficult to watch the lunchroom, the entrance from the yard and the breezeway simultaneously.
While we agree with appellant's contention that accidents such as this could happen in a split second, we find the accident in question herein did not. The record reflects that the situation developed over a period of a few minutes. There were several points along the chain of events beginning with the removal of the apples from the lunchroom where proper supervision could have prevented the accident.
Although appellant alludes to the holding of the trial court as sounding in strict liability, we find from the record before us that the judgment is clearly based on negligence. In its written reasons for judgment the trial court stated:
"The supervision provided by the Board, through the principal and teachers was neither reasonable nor adequate under the circumstances. Having knowledge of the prior incidents in the area of the bathrooms, it was reasonably foreseeable that further incidents would occur in that vicinity. Thus, the stationing of one teacher inside the lunchroom foyer, who had the responsibility of controlling a lunchroom of very young students and at the same time closely monitoring the schoolyard and bathrooms constitutes gross negligence on the part of the School Board".
We find that the holding of the trial court is clearly supported by the evidence presented at trial.

AWARD OF THE TRIAL COURT
Appellees suggest that the award of the trial court for general damages was inadequate and should be increased from $3,000.00 to $10,000.00 plus specials. It is well settled that the trial court is given much discretion in awarding damages and any such award will not be disturbed unless the record indicates that this discretion was clearly abused. Emerson v. Empire Fire & Marine Insurance Co., 393 So.2d 691 (La. 1981). In the instant case the record reflects that Tiffany Carson suffered an intraoccular hemorrage in the right eye. The doctor's report states that Tiffany's eye healed quite well and that there was no permanent residual disability. Further, there is no indication that in the four month period during which Tiffany was treated that there was any question that the eye would not heal completely. In our opinion the trial court did not abuse its discretion in awarding $3,000.00 general damages and $969.55 special damages to plaintiffs.
For the foregoing reasons the decision of the trial court is affirmed. All costs of this appeal are to be borne by the appellant.
AFFIRMED.